FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAR 27 PM 12:27

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-112 |
| | ) | |
| J. CARLISLE OVERSTREET, Chief Judge | ) | |
| of Superior Court; ELAINE C. JOHNSON, | ) | |
| Clerk of Superior Court; and RONALD | ) | |
| STRENGTH, Sheriff of Richmond County, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, apparently pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).[1] After a review of Plaintiff's complaint and prior history of case

---

[1] Plaintiff was still confined at Calhoun State Prison in Morgan, Georgia, at the time he originated his lawsuit on August 15, 2007. (See Doc. nos. 1, 2). His subsequent release from prison does not excuse him from the provisions of the Prison Litigation Reform Act discussed herein. Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) ("The status that counts, and the only status that counts, for purposes of section 1997e(e) is whether the plaintiff was a 'prisoner confined in a jail, prison, or other correctional facility' at the time

filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the Honorable Carlisle Overstreet, Chief Judge of the Superior Court of Richmond County, (2) Elaine C. Johnson, Clerk of the Superior Court of Richmond County, and (3) Ronald Strength, Sheriff of Richmond County. (Doc. no. 1, pp. 1, 2). Plaintiff maintains that he is asserting an equal protection claim and denial of access to the courts claim. (Id. at 3). Plaintiff proffers that in December of 2006, he commenced a civil action in the Richmond County Superior Court. (Id.). According to Plaintiff, upon filing of the complaint, the clerk of court "refused to send summons/service forms to [Plaintiff] until May 8, 2007 to forestall notice and progress of suit. Meanwhile, respondents were given time to prepare defensive replies to [Plaintiff's] action." (Id.). Plaintiff asserts that the clerk of court's actions were a result of Plaintiff's race, and thus, he has been deprived of his right to court access. (Id.).

## II. DISCUSSION

### A. Sanctions

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA

---

the federal civil action was 'brought,' i.e., when it was filed."). Plaintiff was a prisoner when this case was filed.

2

provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

To that end, the form on which Plaintiff submitted his complaint required him to disclose whether he has begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to his imprisonment and to describe each lawsuit. Under the question on Plaintiff's complaint concerning whether he has brought any lawsuits dealing with the same facts involved in this case, or otherwise relating to his imprisonment, Plaintiff was specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 1, pp. 1-2).

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

3

Under penalty of perjury, Plaintiff disclosed none of the other lawsuits that he has filed in federal court. (Id.). The only case that Plaintiff disclosed was Brown v. State, 285 Ga. App. 453 (2007), cert. denied, ___ Ga. ___ (Sept. 10, 2007) (S07C1503). Plaintiff's response was dishonest, as the Court is aware that prior to the date Plaintiff filed the instant case, he had filed at least three other cases in federal court that he failed to disclose in his complaint: (1) Brown v. Donald, Civil Case No. 107-333 (N.D. Ga. Feb. 6, 2007) (dismissed in June 2007, for failure to comply with a lawful court order); (2) Brown v. Appeals Court of Georgia, Civil Case No. 107-334 (N.D. Ga. Feb. 6, 2007) (dismissed in June 2007, for failure to comply with a lawful court order); and (3) Brown v. Donald, Civil Case No. 107-1730 (N.D. Ga. June 23, 2007) (currently pending). Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3]

---

[3] The court in Parker thoughtfully ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court

4

In sum, Plaintiff has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process.[4]

B.   **Claims Fail on the Merits**

Moreover, the Court notes that Plaintiff's claims fail on the merits.[5] Plaintiff attempts to assert a denial of access to the courts claim and an equal protection claim. To

---

has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[4] The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized in the Southern District. See Hood v. Tompkins, et al., Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 Fed. Appx. 818 (11th Cir. Aug. 7, 2006); see also Harris v. Guy, et al., Civil Case No. 605-061 (S.D. Ga. Dec. 15, 2005) (dismissing complaint without prejudice as sanction for plaintiff's abuse of judicial process).

[5] The complaint in the above-captioned case is identical to the complaint Plaintiff filed in Brown v. Overstreet, Civil Case No. 107-112, doc. no. 1 (S.D. GA. Jan. 31, 2008) (dismissed for abuse of judicial process (doc. no. 16)).

state a viable denial of access to the courts claim, Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement"). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91 (citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Here, although Plaintiff states that the delay in obtaining the summons/service form allowed the respondents to prepare defensive replies to Plaintiff's action, Plaintiff does not allege that he suffered any actual injury from this delay. In fact, Plaintiff notes in his complaint that the civil action he filed in the Richmond County Superior Court was still pending at the time he filed the above captioned-complaint. (Doc. no. 1, p. 1). As such,

6

Plaintiff has failed to state a claim for denial of access to the courts based on the delay in receiving the summons/service forms.

Furthermore, Plaintiff fails to allege facts sufficient to establish his claim that the delay in receiving the summons/service forms constitutes a violation of his equal protection rights. To state a viable equal protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Constitutionally impermissible bases to discriminate include "race, religion, national origin, poverty, or some other . . . protected interest." Damiano v. Fla. Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (*per curiam*) (citing Cruz v. Skelton, 543 F.2d 86 (5th Cir. 1976) and Osborne v. Folmar, 735 F.2d 1316 (11th Cir. 1984)).

In this case, Plaintiff merely proffers a conclusory allegation that the clerk delayed in sending him the summons/service forms because of his race. (Doc. no. 1, p. 3). Not only has Plaintiff failed to allege that he was treated differently from other similarly situated inmates, but he also failed to allege discriminatory treatment based upon a constitutionally impermissible basis. Stated otherwise, Plaintiff merely concludes that the alleged discrimination was based on his race, but he does not even identify his race. Therefore, Plaintiff fails to allege facts sufficient to establish an equal protection claim.[6]

Furthermore, although Plaintiff names Chief Judge Overstreet and Sheriff Strength

---

[6] Plaintiff's proposed amendment solely addresses the dishonest answers he provided in his complaint; the amendment does not alter the substance of his claims.

7

as Defendants, Plaintiff fails to mention these Defendants anywhere in his statement of claim.[7] "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between any actions of Chief Judge Overstreet and Sheriff Strength with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. As such, Plaintiff has not set forth any facts alleging that these Defendants violated his rights. See also Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against Chief Judge Overstreet and Sheriff Strength. Accordingly, Plaintiff's claims against the these Defendants should be dismissed.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as a sanction for abuse of the judicial process and that this civil action be **CLOSED**. Furthermore, even if the Court were to allow Plaintiff to proceed, the above-captioned case would still be subject to a recommendation of dismissal

---

[7] The only mention of Chief Judge Overstreet and Sheriff Strength in the complaint is that Plaintiff submitted summons/service forms to these Defendants via the clerk of court. (Doc. no. 1, p. 3).

8

for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE