IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE WESLEY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CV 107-112 |
| J. CARLISLE OVERSTREET, Chief Judge of Superior Court; ELAINE C. JOHNSON, Clerk of Superior Court; and RONALD STRENGTH, Sheriff of Richmond County, | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** as a sanction for abuse of the judicial process, and this civil action is **CLOSED**.[1]

---

[1] As this case is closed, Plaintiff's "(Consolidated) Formal Civil Rights Complaint & Motion for Federal Intervention/Protective Custody" is **MOOT**. (Doc. no. 18). Furthermore, the Court also agrees with the alternative recommendation that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. Of note, Plaintiff's purported new complaint does nothing to alter the analysis regarding his abuse of the judicial process. Moreover, a review of Plaintiff's motion reveals that he is attempting to assert new claims. For example, he seeks to add claims that occurred beginning on February 21, 2008, well after he filed the above-captioned case in August 2007. Although the events forming the basis of the instant case are based on an alleged equal protection claim

SO ORDERED this 11th day of June, 2008, at Augusta, Georgia.

*/s/ J. Randal Hall*
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

and denial of access to the courts claim, Plaintiff now attempts to add claims based on a recent arrest on February 21, 2008 and his subsequent detention. (Id.).

It is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (*per curiam*). Here, there are several claims which bear no "logical relationship" to each other.

2